**Dennis ZATTERSTROM, SS#: 565–30–3739 Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV 90–1347 PHX WPC.**

United States District Court, D. Arizona.

June 8, 1992.

---

**2.** In dealing with censorship of prisoner mail, the Eighth Circuit Court of Appeals stated "[W]e should hesitate to substitute our judgment for

that of the prison officials since they normally must be allowed an area of discretion within which to deal with institutional concerns."

Joel Friedman, Phoenix, Ariz., for plaintiff.

James Loss, and Michael Arkfeld, Asst. U.S. Attys., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Currently pending before the Court is Plaintiff Dennis Zatterstrom's ("Zatterstrom") application for attorney's fees and motion for entry of judgment. The motions were fully briefed and this Court now rules on the pending motions. The motions raise the single issue of whether this Court's July 29, 1991 remand order was a "sentence four" or a "sentence six" order, under the meaning of Section 205(g) of the Social Security Act (the "Act"). How this Court identifies its July 29, 1991 remand order will determine whether Zatterstrom is entitled to attorney's fees.

### I. Background

On July 27, 1989 an administrative law judge ("ALJ") denied Zatterstrom's disability claims brought under Titles II and XVI of the Act. The Appeals Council declined review and Zatterstrom then sought review in this Court. After the Answer was filed and plaintiff had filed his motion for summary judgment, the Appeals Council, on further review of the record, requested a stipulated remand of this case in order to conduct additional administrative proceedings. Zatterstrom would not stipulate to the remand and soon thereafter the defendant filed a motion to remand.

In a Memorandum and Order filed on July 29, 1991 this Court ordered the action, "remanded back to the Secretary, as the Secretary has requested, for additional findings supported by medical evidence, concerning Zatterstrom's alcohol and drug abuse problems." Following the Order, the action pending before this Court was terminated.

The Social Security Office of Hearings and Appeals held a supplemental hearing on January 7, 1992 and issued a decision on January 30, 1992, finding that Zatterstrom was entitled to a period of disability benefits commencing on June 1, 1989 and supplemental security income from February 18, 1988.

On April 30, 1992 Zatterstrom filed the pending motion for entry of final judgment and application for attorney's fees.

### II. Discussion

The defendant argues that this Court's remand order was a final judgment in this case and that any application for attorney's fees should have been timely presented at the administrative level. Zatterstrom argues that this Court retained jurisdiction over the matter and therefore has continuing authority to grant attorney's fees.

Section 205(g) of the Act provides that federal courts may enter judgments "affirming, modifying or reversing the decision of the Secretary with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (sentence four). In addition, section 205(g) provides that a court may, prior to an answer being filed, remand the case to the Secretary or may, at any time, remand the case for considera-

tion of new evidence. 42 U.S.C. § 405(g) (sentence six).

This court concludes that the remand order was a "sentence four" remand rather than a "sentence six" remand. An answer had already been filed by the Secretary and no new evidence was to be considered. The case was merely remanded at the request of the Secretary, to reconsider the case in light of the existing evidence. Because this Court has concluded that its earlier order was a sentence four, rather than a sentence six remand, the application for attorney's fees is untimely and there is no need for entry of final judgment because the case was remanded.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Entry of Judgment is hereby denied. This case was administratively closed upon remand.

2. Plaintiff's Application for Attorney's Fees is hereby denied.